UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROBERTS,

        Plaintiff,

v.

DIVERSIFIED ADJUSTMENT
SERVICE, INCORPORATED,

        Defendant.
_____/

COMPLAINT

## I.  Introduction

1.  This is an action for damages brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan

Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

## II.  Jurisdiction

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place

here.

## III.  Parties

3.  Plaintiff Donald Roberts is an adult, natural person residing in Kalamazoo

County, Michigan.  Mr. Roberts is a "consumer" and "person" as the terms are defined and used

in the FDCPA.  Mr. Roberts is a "consumer," "debtor" and "person" as the terms are defined and

used  in the MOC.

4.     Defendant Diversified Adjustment Service, Incorporated ("Diversified") is a

Minnesota corporation.  The registered agent for Diversified in Michigan is Registered Agent

Solutions, Inc., 2285 South Michigan Road, Eaton Rapids, Michigan 48827.  Diversified uses

interstate commerce and the mails in a business the principal purpose of which is the collection

of debts.  Diversified regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due another.  Diversified is a "debt collector" as the term is defined

and used in the FDCPA.  Diversified is licensed (No. 2401000994) by the State of Michigan to

collect consumer debts in Michigan.  Diversified is a "collection agency" and "licensee" as the

terms are defined and used in the MOC.

**IV.    Facts**

5.     Donald Roberts had an account which he used to incur a debt for personal, family

and household purposes.  Any resulting obligation of Donald Roberts to pay money was a "debt"

as the term is defined and used in the FDCPA and MOC.

6.     Donald Roberts allegedly defaulted on his obligation to pay the debt.

7.     The delinquent account and related, alleged debt were placed with Diversified for

collection.

8.     Alternatively, Diversified purchased the delinquent account and related, alleged

debt.

9.     Donald Roberts, his wife Nancy Roberts, his adult daughter Melinda Roberts, and

others, reside together in the same house in Kalamazoo, Michigan.

10.     The members of the Roberts household share a land line telephone and telephone

2

answering machine.  The telephone service is in the name of Nancy Roberts.

11.     In March of 2015, Diversified placed a call to the Roberts household telephone and left the following pre-recorded and/or computer-generated voice message on the Roberts household telephone answering machine: "This is an important call from Diversified Adjustment Service.  This is a communication from a debt collector.  Please call 844-541-0500."  The call originated from telephone number 616-328-6335.

12.     Melinda Roberts listened to the messages on the Roberts household telephone answering machine and heard the above-quoted message left by Diversified.

13.     Melinda Roberts responded to the above-quoted message left by Diversified on the Roberts household telephone answering machine by placing a call to Diversified at telephone number 844-541-0500.  In the ensuing conversation, the Diversified employee disclosed to Melinda Roberts that Diversified had left the above-quoted message on the Robert household telephone answering machine in an effort to communicate with Donald Roberts, and in doing so, the Diversified employee disclosed to Melinda Roberts that Diversified was attempting to collect a debt from Donald Roberts.

14.     Diversified placed the above-described telephone call to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, in connection with efforts by Diversified to collect an alleged debt from Donald Roberts.

15.     Diversified placed the above-described telephone call to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, in an effort to induce Donald Roberts to place a return telephone call to Diversified so

3

that Diversified could continue in its efforts to collect an alleged debt from Donald Roberts.

16.     Diversified placed the above-described telephone call to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, for the animating purpose of inducing Donald Roberts to pay an alleged debt.

17.     The above-quoted message left by Diversified on the Roberts household telephone answering machine was a "communication" as the term is defined and used in the FDCPA and MOC.

18.     The above-described conversation between the Diversified employee and Melinda Roberts was a "communication" as the term is defined and used in the FDCPA and MOC.

19.     Melinda Roberts communicated to Donald Roberts that Diversified had placed the above-described telephone call to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine.

20.     Melinda Roberts communicated to Donald Roberts that Melinda Roberts had spoken by telephone with the Diversified employee and that the Diversified employee had disclosed to Melinda Roberts that Diversified had left the above-quoted message on the Robert household telephone answering machine in an effort to communicate with Donald Roberts.

21.     Diversified did not obtain the prior consent of Donald Roberts to communicate with Melinda Roberts in connection with the collection of the alleged debt.

22.     Diversified did not obtain the prior consent of Donald Roberts to communicate to Melinda Roberts that Diversified was attempting to collect a debt from Donald Roberts.

23.     Donald Roberts has never given Diversified permission to speak with Melinda Roberts regarding the alleged debt.

4

24.     A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer.  15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

25.     The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment."  15 U.S.C. § 1692a(7).

26.     A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt.  15 U.S.C. § 1692b(2).

27.     The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer."  15 U.S.C. § 1692b(1).

28.     Diversified disclosed the name of its company in the recorded message left by Diversified for Donald Roberts that was heard by Melinda Roberts, without an express request for such information by Melinda Roberts, violating the FDCPA.

29.     Diversified placed the above-described telephone call and left the above-quoted, recorded message for Donald Roberts, knowing that message might be heard by someone other than Donald Roberts.

30.     Diversified could have used other methods to communicate with Donald Roberts and avoid unlawfully disclosing to Melinda Roberts or other third persons that Diversified was attempting to collect an alleged debt from Donald Roberts.

31.     Diversified could have chosen to communicate with Donald Roberts by postal mail.

5

32.     Diversified could have chosen to communicate with Donald Roberts by speaking directly with Donald Roberts by telephone.

33.     Diversified could have chosen not to leave any recorded message for Donald Roberts on the Roberts household telephone answering machine.

34.     Diversified could have chosen to have a live person make the telephone call to Donald Roberts and then use discretion regarding whether to leave a recorded message.  Instead, and to save money, Diversified chose to use an auto-dialer to place the telephone call and left a pre-recorded and/or computer generated message on the Roberts household telephone answering machine, without regard for the privacy of Donald Roberts and without regard for the requirements of the FDCPA.

35.     Diversified violated 15 U.S.C. § 1692c(b) by leaving a recorded message on the Roberts household telephone answering machine, which communicated to the listener that Diversified was a debt collector attempting to collect a debt from some unnamed person at the Roberts household, and requesting that the listener place a return telephone call to Diversified so that Diversified could then disclose to the listener the name of the person  from whom Diversified was attempting to collect a debt.  *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

36.     Diversified violated 15 U.S.C. § 1692c(b) by leaving a recorded message on the Roberts household telephone answering machine, which communicated to Melinda Roberts that Diversified was a debt collector attempting to collect a debt from some unnamed person at the Roberts household and requested that Melinda Roberts place a return telephone call to Diversified, which caused Melinda Roberts to place a return telephone call to Diversified, at

6

which time Diversified disclosed to Melinda Roberts that the person from whom Diversified was

attempting to collect a debt was Donald Roberts.  *Berg v. Merchants Association Collection*

*Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

37.     Diversified knowingly assumed the risk that its practice and procedure of leaving

a pre-recorded and/or computer generated message on the Roberts household telephone

answering machine could result in an unauthorized disclosure to some third party that Diversified

was attempting to collect a debt from Donald Roberts in violation of the FDCPA.

38.     Diversified failed to maintain procedures reasonably adapted to avoid disclosing

to a third party that a consumer owes a debt.  Diversified left a recorded message for the

consumer on a telephone answering machine, knowing it was possible that the message might be

heard by someone other than the consumer.

39.     Diversified failed to maintain procedures reasonably adapted to avoid disclosing

to a third party such as Melinda Roberts that Diversified was a debt collector attempting to

collect an alleged debt from Donald Roberts.

40.     The acts and omissions of Diversified and its employees done in connection with

efforts to collect an alleged debt from Donald Roberts were done intentionally and wilfully.

41.     Diversified and its employees intentionally and wilfully violated the FDCPA and

MOC.

42.     Diversified and its employees recklessly violated the FDCPA and MOC.

43.     As an actual and proximate result of the acts and omissions of defendant and its

employees, plaintiff has suffered actual damages and injury, including but not limited to, fear,

stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should

be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

44.     Plaintiff incorporates the foregoing paragraphs by reference.

45.     Defendant has violated the FDCPA.  Defendant's violations of the FDCPA

include, but are not necessarily limited to, the following:

a)      Defendant violated 15 U.S.C. § 1692b;

b)      Defendant violated 15 U.S.C. § 1692c;

c)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural

consequence of which is to harass, oppress, or abuse a person in connection with

the collection of a debt; and

d)      Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means

to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

46.     Plaintiff incorporates the foregoing paragraphs by reference.

47.     Defendant has violated the MOC.  Defendant's violations of the MOC include,

but are not necessarily limited to, the following:

8

a)      Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the

consumer is a debtor;

b)      Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or

abusive method to collect a debt;

c)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure

designed to prevent a violation by an employee; and

d)      Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2);

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

e)      Equitable relief pursuant to M.C.L. § 339.916(1).


### Demand for Trial by Jury

Plaintiff demands trial by jury.


Dated: March 20, 2015                           /s/ Phillip C. Rogers
                                                Phillip C. Rogers (P34356)
                                                Attorney for Plaintiff
                                                40 Pearl Street, N.W., Suite 336
                                                Grand Rapids, Michigan 49503-3026
                                                (616) 776-1176
                                                ConsumerLawyer@aol.com